# EXHIBIT 1

IN THE COURT OF COMMON PLEAS
DAUPHIN COUNTY, PENNSYLVANIA

No. 2018 CV 6078 CV

Civil Action - Law
[ ] Medical Professional Liability Action

| Plaintiff(s) & Address(es) | | Defendant(s) & Address(es) |
|---|---|---|
| Trina J. Bowen<br>300 Hunter Path Road<br>Hummelstown, PA 17036 | vs. | Nationwide Mutual Insurance Company<br>1000 Nationwide Drive<br>Harrisburg, PA 17110-9775 |

## PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY OF SAID COURT:

Please issue writ of summons in the above-captioned action.

__1__ Writ of Summons shall be issued and forwarded to [ ] Attorney   [X] Sheriff
along with the accompanying pre-complaint request for production of documents and interrogatories.

Bradford Dorrance, Esquire
Keefer Wood Allen & Rahal, LLP
417 Walnut Street, 4th Floor, Rear
P. O. Box 11963
Harrisburg, PA 17108-1963
(717) 255-8014

_____
Signature of Attorney
Supreme Court I.D. No. 32147
Date: 9/11/2018

## WRIT OF SUMMONS

TO THE ABOVE-NAMED DEFENDANT, Nationwide Mutual Insurance Company:

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF HAS COMMENCED AN ACTION AGAINST YOU.

_____
Matthew R. Krupp
Prothonotary

by _Jessica Pavell_
Deputy

Date: SEP 1 1 2018

[ ] Check here if reverse is issued for additional information.

Prothon. - 55

## CERTIFICATE OF COMPLIANCE

I, the undersigned counsel, certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Dated: 9/11/2018

Bradford Dorrance, Esquire
Attorney I.D. No. 32147
KEEFER WOOD ALLEN & RAHAL, LLP
417 Walnut Street, 4th Floor, Rear
P. O. Box 11963
Harrisburg, PA  17108-1963
(717) 255-8014
bdorrance@keeferwood.com

(Attorney for Plaintiff)

| | |
|---|---|
| TRINA J. BOWEN, | : IN THE COURT OF COMMON PLEAS OF |
| Plaintiff | : DAUPHIN COUNTY, PENNSYLVANIA |
| | : CIVIL ACTION - LAW |
| v. | : No. 2018 CV 6078 CV |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | : |
| Defendant | : |

**PLAINTIFF'S PRE-COMPLAINT FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS AND
FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT**

TO: Defendant, Nationwide Mutual Insurance Company

**PRELIMINARY STATEMENT OF CAUSES OF ACTION**

Pursuant to Pa. R.C.P. Nos. 4003.8, 4005(a), 4009.11, and related provisions, these interrogatories seek material and necessary information to prepare a complaint against the named defendant, Nationwide Mutual Insurance Company ("Nationwide"), and any other individuals or entities subsequently identified through discovery. Before or after the completion of pre-complaint discovery, plaintiff will file a complaint alleging one or more causes of action against her former employer, Nationwide including, without limitation:

(1) Plaintiff's claims under Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*;

(2) Plaintiff's wrongful discharge claims under Pennsylvania law and public policy; and

(3)   Plaintiff's claims for severance under the Nationwide Severance Payment Plan.

Upon discovery of sufficient evidence, plaintiff may seek various damages including lost wages and benefits, severance, as well as statutory, liquidated, and punitive damages, attorneys' fees, and costs authorized under governing law.

## PLAINTIFF'S FIRST REQUEST
## FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT

TO:   Defendant and its attorneys

**PLEASE TAKE NOTICE** that, pursuant to the Pennsylvania Rules of Civil Procedure, Rules 4003.8, 4009.11, and related provisions, Defendant is required to serve upon the undersigned counsel its written response to this request for production within 30 days after service hereof. Defendant is further required to produce the following documents and to deliver them to the offices of Keefer Wood Allen & Rahal, LLP, 417 Walnut Street, 4th Floor, Rear, Harrisburg, PA 17108, within 30 days of service.

### INSTRUCTIONS

If you object to the production of any document on the grounds that the attorney-client, attorney work-product or any other privilege is applicable thereto, you shall, with respect to that document:

  a.   State its date;

  b.   Identify its author;

  c.   Identify each person who prepared or participated in the preparation of the document;

  d.   Identify each person who received it;

  e.   Identify each person from whom the document was received;

  f.   State the present location of the document and all copies thereof;

  g.   Identify each person who has ever had possession, custody or control of it or a copy thereof; and

  h. Provide sufficient information concerning the document and the circumstances thereof to explain the claim of privilege and to permit the adjudication of the propriety of that claim.

## DEFINITIONS

**Definitions:**

  A. The term "person," as used herein, means any natural person, partnership, corporation, or other business entity and all present and former officers, directors, agents, employees, attorneys, and others acting or purporting to act on behalf of such natural person, partnership, corporation, or other business entity.

  B. The term "Document," as used herein, means the original and all copies of any written, printed, typed, electronically stored information, electronically created data, emails, or other graphic matter of any kind or nature and any other tangible thing in your custody or control, including but not limited to:

    1. All videos, audio recordings, emails, texts, and photographs in all formats, discs, print-outs, and other data compilations from which information can be obtained; and

    2. All other documents or things which are discoverable under the Pennsylvania Rules of Civil Procedure.

  C. The term "communication," as used herein, means all statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, letters, correspondence, notes, facsimile transmissions, emails, texts, or any other form of written or oral communication.

  D. The term "identify," when used with respect to a Document, means to state the date, author, addressee, type of document (*e.g.*, "letter"); to identify its last-known custodian and location; to state the exhibit number of the document if it has been marked during the course of a court proceeding; and to identify, in your response, the bate stamp numbers of the Documents that are referenced.

  E. The term "identify," when used with respect to an individual, means to give the person's full name, all known aliases, present or last-known business and home addresses and telephone numbers, and present position or business affiliation.

  F. The term "identify," when used with respect to any other "person," means to give the entity's official, legal, and formal name or the name under which the entity acts or conducts business, the address and telephone number of the entity's place of business, and the identity of the entity's principal or chief executive officer or person who occupies the position most closely analogous to a chief executive.

  G. The term "relate(s) to," or "relating to," as used herein, means constitute(s), refer(s) to, reflect(s), concern(s), pertain(s) to, or in any way logically or factually connect(s) with the matter described in the interrogatory.

  H. "Job Termination" or "Termination" shall refer to Plaintiff's separation from employment with Defendant.

  I. "Files" shall be construed as broadly as possible and shall include, without limitation, the following documents relating to the stated individual: any personnel policies and practices, any employee handbook, any signed receipt of the handbook, any disciplinary warnings and actions, any performance improvement plan, performance evaluations and performance-related documents, the Nationwide Performance Pay Plan (including all summary plan descriptions, amendments, and supplements), any FMLA, ADA, and ERISA files, Job Termination letter, any résumé and job description, and all other Documents and electronically stored information relating to the individual.

  J. "Defendant" shall refer to Nationwide Mutual Insurance Company.

  K. "Investigation" shall include, without limitation, any inquiry or investigation into the circumstances leading up to Plaintiff's Job Termination.

  L. "Wrongful Discharge Claim" shall include any claim filed against Nationwide, its Plan Administrator, or the Benefits Administration Committee by a current or former employee alleging: (1) discrimination or retaliation under state or federal law; (2) denial of severance under the Nationwide Severance Pay Plan; (3) wrongful discharge under state law; and/or (4) claims under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq*.

## DOCUMENTS REQUESTED BY PLAINTIFF

1. The Files (as defined above) of Plaintiff for the period January 1, 2012 through the present.

2. For each year from September 1, 2015 through the present, the organizational chart(s) for Defendant, identifying management and other employees in the department where Plaintiff worked.

3. For the period January 1, 2015 to December 31, 2017, Defendant's Management Directives, Personnel Information Memoranda, and employee manual a/k/a personnel policies (the "Policies"). (The term "Policies" should be construed as broadly as possible to include without limitation the following: the employee manual/handbook, rules of conduct, disciplinary procedures, progressive discipline, performance improvement plan criteria, performance standards, and work rules.

4. Defendant's document destruction and/or document retention policy/policies for the period January 1, 2015 to the present.

5. All Documents reviewed by Defendant in advance of its decision to terminate Plaintiff.

6. All Documents relating to Plaintiff's claim for unemployment compensation filed after her Termination.

7. All Documents relating to any Investigation (as defined above) of the circumstances leading to Plaintiff's Job Termination (as defined above).

8. All Documents relating to any reduction in force or hiring freeze in Pennsylvania approved by Nationwide for the period September 1, 2015 through the present.

9. The performance improvement plans for all affected employees in Nationwide's Harrisburg, Pennsylvania office for the period September 1, 2015 through the present.

Date: 9/11/2018

Bradford Dorrance
KEEFER WOOD ALLEN & RAHAL, LLP
I.D. No. 32147
417 Walnut Street, 4th Floor, Rear
P. O. Box 11963
Harrisburg, PA  17108-1963
(717) 255-8014

(Attorneys for Plaintiff)

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## DIRECTED TO DEFENDANT

TO:   Defendant and its attorneys

**PLEASE TAKE NOTICE** that you are hereby required, pursuant to the Pennsylvania Rules of Civil Procedure, Rules 4003.8, 4005(a), and related provisions, to serve upon the undersigned your answers and objections, if any, in writing and under oath to the following interrogatories within 30 days after service upon you or your counsel. The answers and objections shall be inserted in the space provided following each interrogatory. If there is insufficient space to respond to an interrogatory, the remainder of the response shall follow on a supplemental sheet.

These interrogatories shall be deemed continuing in nature. If between the time of filing your original answers to these interrogatories and the time you or anyone acting on your behalf learns the identity or location of additional persons having knowledge of discoverable facts or the identity of persons expected to be called as witnesses at trial and not already disclosed in your answers, or if you or an expert witness obtain information upon the basis of which you or he knows that an answer, though correct when made, is no longer true, then you shall promptly supplement your original answers, under oath, to include information thereafter acquired and promptly furnish the same as supplemental answers to the undersigned.

## DEFINITIONS AND INSTRUCTIONS

**Definitions:**

   A.   The term "person," as used herein, means any natural person, partnership, corporation, or other business entity and all present and former officers, directors, agents, employees, attorneys, and others acting or purporting to act on behalf of such natural person, partnership, corporation, or other business entity.

   B.   The term "Document" or "Documents," as used herein, means the original and all copies of any written, printed, typed, electronically stored information, electronically created

-8-

data, emails, or other graphic matter of any kind or nature and any other tangible thing in your custody or control, including but not limited to:

    1.    All videos, audio recordings, emails, texts, and photographs in all formats, discs, print-outs, and other data compilations from which information can be obtained; and

    2.    All other documents or things which are discoverable under the Pennsylvania Rules of Civil Procedure.

    C.    The term "communication," as used herein, means all statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, contracts, understandings, meetings, telephone conversations, letters, correspondence, notes, facsimile transmissions, emails, texts, or any other form of written or oral communication.

    D.    The term "identify," when used with respect to a Document, means to state the date, author, addressee, type of document (*e.g.*, "letter"); to identify its last-known custodian and location; to state the exhibit number of the document if it has been marked during the course of a court proceeding; and to identify, in your response, the bate stamp numbers of the Documents that are referenced.

    E.    The term "identify," when used with respect to an individual, means to give the person's full name, all known aliases, present or last-known business and home addresses and telephone numbers, and present position or business affiliation.

    F.    The term "identify," when used with respect to any other "person," means to give the entity's official, legal, and formal name or the name under which the entity acts or conducts business, the address and telephone number of the entity's place of business, and the identity of the entity's principal or chief executive officer or person who occupies the position most closely analogous to a chief executive.

    G.    The term "relate(s) to," or "relating to," as used herein, means constitute(s), refer(s) to, reflect(s), concern(s), pertain(s) to, or in any way logically or factually connect(s) with the matter described in the interrogatory.

    H.    "Job Termination" or "Termination" shall refer to Plaintiff's separation from employment with Defendant.

    I.    "Files" shall be construed as broadly as possible and shall include, without limitation, the following documents relating to the stated individual: any personnel policies and practices, any employee handbook, any signed receipt of the handbook, any disciplinary warnings and actions, any performance improvement plan, performance evaluations and performance-related documents, the Nationwide Performance Pay Plan (including all summary plan descriptions, amendments, and supplements), any FMLA, ADA, and ERISA files, Job Termination letter, any résumé and job description, and all other Documents and electronically stored information relating to the individual.

J.     "Defendant" shall refer to Nationwide Mutual Insurance Company.

K.     "Investigation" shall include without limitation, any inquiry or investigation into the circumstances leading up to Plaintiff's Job Termination.

L.     "Wrongful Discharge Claim" shall include any claim filed against Nationwide, its Plan Administrator, or the Benefits Administration Committee by a current or former employee alleging: (1) discrimination or retaliation under state or federal law; (2) denial of severance under the Nationwide Severance Pay Plan; (3) wrongful discharge under state law; and/or (4) claims under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.*

**Rules Of Construction:**

In construing these interrogatories,

A.     The singular shall include the plural, and the plural shall include the singular.

B.     A masculine, feminine, or neuter pronoun shall not exclude the other gender.

**Period Covered:**

Unless otherwise noted, these Interrogatories shall cover the period of Plaintiff's employment.

## INTERROGATORIES

1. *Decision-makers.* Please identify the following:

   (a) those individuals (collectively "Decision-makers") who participated in Defendant's decision to terminate Plaintiff;

   (b) the Decision-makers' respective recommendations, decisions, and supporting rationales;

   (c) all Documents relating to their recommendations, decisions, and supporting rationales;

   (d) the nature and extent of any progressive discipline including prior oral or written warnings;

   (f) the individual(s) who supervised Plaintiff during the period of any discipline; and

   (g) the individual(s) who participated in the decision to hire Plaintiff's successor(s) and the name(s) of the successor(s).

**ANSWER:**

2. *Similarly Situated Employee(s).* For the period September 1, 2015 through the present, please identify any other employee of Defendant who worked in Nationwide's Harrisburg, PA office and who was on a performance improvement plan.

**ANSWER:**

3. *Severance and Settlement Payments.* For the period September 1, 2015 through the present, please identify all employees in Nationwide's Harrisburg, PA office who were laid off and who received a severance or settlement payment from Nationwide.

**ANSWER:**

4. *Investigations.* If you (or someone not an expert) conducted any Investigation (as defined above) of the circumstances leading to Plaintiff's Job Termination, identify:

(a) Each person, and the employer of each person, who conducted any Investigation; and

(b) All notes, reports or other Documents prepared during or as a result of the Investigation and the person who has custody thereof.

**ANSWER:**

5. *Claims and Lawsuits.* For the period September 1, 2015 through the present, if any Wrongful Discharge Claim (as defined above) has been asserted against Defendant in any committee, administrative, or judicial proceeding, identify the following:

    (a)    the name, the residential address, and the telephone number of the person who asserted the Wrongful Discharge Claim;

    (b)    the committee or administrative agency/court, docket number, and caption of any Claim;

    (c)    the name and address of any lawyer who represented the person who asserted or filed the Claim; and

    (d)    the outcome of the Claim, *e.g.*, award, verdict, settlement, or dismissal.

**ANSWER:**

6. *Reduction in Force and Hiring Freeze.* If Nationwide approved any reduction in force or hiring freeze (collectively "RIF") in Pennsylvania from September 1, 2015 through the present, please identify the following:

    (a) all Documents relating to the RIF;

    (b) the period covered by the RIF;

    (c) the reasons supporting the RIF;

    (d) the number of employees affected by the RIF; and

    (e) the person(s) or governing body which approved the RIF.

**ANSWER:**

Date: 9/11/2018

Bradford Dorrance
KEEFER WOOD ALLEN & RAHAL, LLP
I.D. No. 32147
417 Walnut Street, 4th Floor, Rear
P. O. Box 11963
Harrisburg, PA 17108-1963
(717) 255-8014

(Attorneys for Plaintiff)

## CERTIFICATE OF COMPLIANCE

I, the undersigned counsel, certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Dated: 9/11/2018

Bradford Dorrance, Esquire
Attorney I.D. No. 32147
KEEFER WOOD ALLEN & RAHAL, LLP
417 Walnut Street, 4th Floor, Rear
P. O. Box 11963
Harrisburg, PA  17108-1963
(717) 255-8014
bdorrance@keeferwood.com

(Attorney for Plaintiff)